UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60027-CR-ZLOCH/Snow

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRANK HERNANDEZ, et al.

    Defendants.
_____

## **O R D E R**

THIS CAUSE is before the Court on defendant **Amada Hernandez'** Second Motion to Sever (DE 812) and Third Motion to Sever (DE 817), which were referred to United States Magistrate Judge Lurana S. Snow.  Each motion is based on the willingness of a co-defendant to testify on behalf of the defendant.  The affidavits provided by co-defendant Thomas Walker (Second Motion to Sever)and co-defendant Frank Hernandez (Third Motion to Sever) are virtually identical.

Each affidavit recites that Amada Hernandez, as a corporate officer of C&H Wholesale and Lifeline Pharmacy:

> 1) Did not have any knowledge that the companies were supposedly engaged in the illegal distribution of controlled substances because she did not attend nor participate in any meetings or conferences or discussions with the pharmacists or lawyers or myself about the legality or illegality of the companies filling prescriptions for controlled substances outside the scope of the practice of medical doctors.
>
> 2) Did not in any way, shape or form do anything to carry out or complete or participate in the process of distributing the controlled substances from setting up the computers to gather prescriptions, to ordering the controlled substances wholesale, to sorting and stocking the controlled substances, to reviewing the prescriptions, to

>   billing for the controlled substances, to shipping the controlled substances.
>
>   3) Never exercised the powers of her position as corporate officer for either company, from hiring, to firing, to billing, to investment decisions, to payroll, to ventures to increase revenue and profits, to meeting with lawyers and pharmacists.
>
>   4) Did operate and manage Accumed, Inc., since 1996 at the Davie location. Accumed handles billing and office management for various health care clinics in South Florida. Amada Hernandez operated and controlled this company, from hiring to firing, to billing, to collection, to filing for an explanation of benefits from insurance companies for the patients of the various health care clinics. Amada Hernandez had a staff of four people to run and operate this business. She committed 100% of her time, actions and knowledge to this business.

Frank Hernandez' affidavit adds that he and Steve Marhee focused on C&H Wholesale and Lifeline Pharmacy, and that Amada Hernandez did not participate in the operation of these businesses or discuss the operation with Frank Hernandez or Steve Marhee.

### **DISCUSSION**

The issue of testimony by a co-defendant who is unwilling to testify at a joint trial was addressed in <u>Byrd v. Wainwright</u>, 428 F.2d 1017 (5th Cir. 1980) and its progeny. Under <u>Byrd</u>, a defendant is not entitled to a severance unless he can make a clear showing that exculpatory testimony of a co-defendant exists and that the defendant desires to use it. The Court must be apprised of the exact nature of the exculpatory testimony.

In <u>United States v. Machado</u>, 804 F.2d 1537, 1544 (11th Cir. 1986), the Eleventh Circuit elaborated on these requirements:

> A defendant who moves for severance in order to obtain favorable testimony from a codefendant must show: (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the codefendant would indeed have testified at a separate trial. Once the defendant makes that threshold showing, the trial court must then: (1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of the motion. (Citations omitted.)

Considering these factors as they apply to the instant motion, the undersigned finds that the defendant is not entitled to a severance. First and foremost, neither Thomas Walker nor Frank Amada states that he would not testify in a joint trial. This omission alone compels a denial of the motions. *See*, Byrd, 428 F.2d at 1019-20 (5th Cir. 1970). Additionally, defendant Amada Hernandez filed these motions on January 31 and February 1, 2008, respectively, more than five months after the deadline for filing motions had passed and on the eve of the second special setting of the trial. Clearly, the motions are untimely and it is difficult to imagine a reason for the delay, at least on the part of the defendant's husband, Frank Hernandez.

The Government, in its responses, lists other deficiencies in the affidavits. They fail to indicate the basis of the testimony, but instead offer conclusory statements which are devoid of any specific exonerative facts and they do not demonstrate the exculpatory nature and effect of the desired testimony. Such affidavits consistently have been deemed insufficient. United States v. Novaton, 271 F.3d 968, 989 (11th

Cir. 2001); United States v. Cobb, 185 F.2d 1193, 1197; United States v. DeSimone, 660 F.2d 532, 539 (5th Cir. Unit B 1981). Moreover, the defendant has not demonstrated why only these co-defendants, as opposed to other independent witnesses such as uncharged former employees, can provide the desired testimony.

Finally, the Government points out that a separate trial for defendant Amada Hernandez would be unduly burdensome on the court, requiring the admission of hundreds of documents and the testimony of multiple experts and cooperating co-defendants. Therefore, the interest of judicial economy militates against a severance of the trial of this defendant.

## **CONCLUSION**

For the foregoing reasons, and being duly advised, it is hereby

ORDERED and ADJUDGED that defendant Amada Hernandez' Second Motion for Severance (DE 812) and Third Motion for Severance (DE 817) be DENIED.

DONE AND ORDERED at Fort Lauderdale, Florida, this 22nd day of February, 2008.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

See Attached Service List

4

**SERVICE LIST**

**USA v. FRANK HERNANDEZ, et al.**

**CASE NO. 07-60027-CR-ZLOCH/Snow**

```
AUSA Ellen Cohen (WPB)
Richard Hersch, Esq. (D-Frank Hernandez)
Omar Guerra Johansson, Esq. (D-Amada Hernandez)
Chris Grillo, Esq. (D-Marhee)
Greg Ross, Esq. (D-Marhee)
Bruce Lyons, Esq. (D-Antonio)
Joe Rosenbaum, Esq. (D-Pinkoff)
Jon May, Esq. (D-E.V.A. Global & Tropical)
David Bogenschutz, Esq. (D-Antoniou)
David Vinikoor, Esq. (D-Wiseberg)
Jeffrey Voluck, Esq. (D-Helfant)
Sean Ellsworth, Esq. (D-Francois)
Alberto Acuna, Esq. (D-Concept RX)
Jeff Harris, Esq. (D-Cruz)
Michael Hursey, Esq. (D-Walker)
Richard Della Fera, Esq. (D-Echols)
Dan Forman, Esq. (D-Edwards and Local Counsel for Hardiman)
Mark Hardiman, Esq. (D-Edwards)
AFPD Chantel Doakes (FTL) (D-Baron)
```